**Ronette Antonette TORRES, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

No. 07–1185–ag.

United States Court of Appeals, Second Circuit.

March 13, 2008.

Harry Demell, New York, N.Y., for Petitioner.

Holly M. Smith (Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, of counsel), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. GUIDO CALABRESI, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Ronette Antonette Torres ("Petitioner" or "Torres") petitions this Court for review of the BIA's denial of her August 2006 motion to reopen immigration proceedings. *In re Torres,* No. A74 912 359 (B.I.A. Mar. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Torres filed this motion to reopen, based on the ineffective assistance of her counsel, Jose DelCastillo,[2] roughly six years after the final order of removal had been issued in her case. The BIA denied her petition on the ground that she had failed to exercise due diligence in pursuit of her claim. *See Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006) (requiring, in order to equitably toll the filing deadline for a motion to reopen, a showing of "due diligence in pursuing the case during the period the alien seeks to toll" (internal citations and quotation marks omitted)).

As Torres has failed to address the BIA's determination on due diligence, Torres has waived any challenge she may have had to the BIA's finding. *See Tolbert v. Queens College,* 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal citations and quotation marks omitted)). We note that, on the merits, there is little evidence Torres pursued her claim with due diligence. Early in 2000, an Immigration Judge ("IJ") acknowledged that Torres may have received ineffective assistance of counsel and explained to her what she should do to pursue her claim, including meeting the requirements under *In re Lozada,* 19 I. & N.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

2. Jose DelCastillo is well-known to this Court. *See Wilks v. Gonzales,* 218 Fed.Appx. 55 (2d Cir.2007). He has been required, in many recent cases, to establish, as a prerequisite to continued representation, that he has obtained knowing waivers from his clients of the potential conflicts of interest created by his indictments for violations of 18 U.S.C. §§ 2, 1001, and 1546.

Dec. 637 (B.I.A.1988). He also provided her with the name of an organization she could contact for legal assistance and deferred ruling to allow her to do so. Torres did speak to an immigration lawyer she was referred to by this organization, but then returned to DelCastillo for advice, and when proceedings resumed before the IJ, Torres did not pursue her claim. Even assuming that DelCastillo somehow concealed the existence or merits of her claim from her, Torres terminated her relationship with DelCastillo in March 2002, four years before bringing the instant motion to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). " 'An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.' " *Id.* at 233–34 (quoting *Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001)). Given the circumstances of this case, we cannot say that the BIA has acted arbitrarily or capriciously in denying Torres's claim. We therefore DENY the petition for review.